TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

Attorney for Trustee
DAVID C. FARMER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | CASE NO. 09-02506 |
| | ) | (Chapter 7) |
| | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTION** |
| SEPTIMO, RERI N ANILEI, | ) | |
| | ) | HEARING |
| | ) | Date: February 17, 2010 |
| Debtor | ) | Time: 9:30 a.m. |
| | ) | Judge: Honorable Robert J. Faris |

**MEMORANDUM IN SUPPORT OF OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

David C. Farmer, (the "Trustee") by and through the Trustee's undersigned counsel, and hereby submits his Memorandum in Support of Objection to Debtor's

3

claim of Exemption regarding the debtor's claimed interest in "Hawaiian Homes Property at 21 Oopu Way Wailuku, Hawaii 96793" and the exemption of a 2007 Toyota Tacoma.

## I.　FACTUAL BACKGROUND.

This Bankruptcy case was commenced on October 27, 2009, by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code.  At the time of the filing, the debtor Reri Nanilei Septimo (the "Debtor") filed schedules that disclosed an interest in certain real property described in Schedule "A" as "Hawaiian Homes Property at 21 Oopu Way Wailuku, Hawaii 96793." (the "Property").  In Schedule "C" the the Debtor claims the Property is exempt pursuant to "42 Statutes 108, Chapter 42 Section 205."  A copy of the debtor's schedules is attached to the Declaration of David C. Farmer ("Farmer Dec.") as Exhibit "1."  Based on the Debtor's schedules the Property represents over $250,000 in equity. This would be more than sufficient to satisfy the Estate's creditors in full.  The cited exemption appears to be a cite to the Hawaiian Homes Commission Act.

The Trustee offers that this Act provides no exemption.  The restraint on alienation of the subject ground lease notwithstanding the Trustee believes that he is authorized to sell leasehold land along with the attached structure to any qualified Hawaiian Homes beneficiary.  Farmer Dec. at ¶ 3.

As to the vehicle, the Debtor has claim the vehicle exempt as a tool of trade pursuant to 651-121(3) that provides an exemption as follows:

> (3) Any combination of the following: tools, implements, instruments, uniforms, furnishings, books, equipment, one commercial fishing boat and nets, one motor vehicle, and other personal property ordinarily and reasonably necessary to and personally owned and used by the debtor in the exercise of the debtor's trade, business, calling, or profession by which the debtor earns the debtor's livelihood.

Hawaii Rev. Stat. § 651-121(3).

The Debtor's schedule "I" claims that the debtor is an unemployed but claims as the Debtor's "Occupation" that of an "excavator." The definition of "excavator" is one that excavates; especially : a power-operated shovel. *See* online dictionary at http://www.merriam-webster.com/dictionary/excavator . Though a truck may be helpful in this occupation, it is not, "necessary" for such activity and therefore the Debtor should not be permitted to apply the expansive tools of the trade exemption to this property to the prejudice of the Estate's creditors.

The Trustee concluded the Section 341 meeting of creditors on December 11, 2009. Farmer Dec. ¶ 4. Pursuant Fed. R. Bankr. Pro. 4003(b)(1) the deadline for a party to object to Debtor's claim of exemption will expire on January 11, 2010.

## II. ARGUMENT.

First, as to the real property, Section 205 of the Hawaiian Homes Commission Act appears to the be section that is claimed as an exemption. This Section provides as follows:

> Sale or lease, limitations on. Available lands shall be sold or leased only:
> (1) In the manner and for the purposes set out in this title; or
> (2) As may be necessary to complete any valid agreement of sale or lease in effect at the time of the passage of this Act.

Hawaiian Homes Commission Act, Section 205.

The Trustee has investigated the Trustee's ability to convey real estate that resides upon Hawaiian Homes property and is informed and believes that a sale to a qualified beneficiary may be approved the Department Hawaiian Homes. Farmer Dec. ¶ 3. In any event, nothing in the applicable law prohibits such a sale. The only condition of such transfer is as follows:

> Conditions of leases. Each lease made under the authority granted the department by section 207 of this Act, and the tract in respect to which the lease is made, shall be deemed subject to the following conditions, whether or not stipulated in the lease:
> (1) The original lessee shall be a native Hawaiian, not less than eighteen years of age. In case two lessees either original or in succession marry, they shall choose the lease to be retained, and the remaining lease shall be transferred, quitclaimed, or canceled in accordance with the provisions of succeeding sections.

<blockquote>
. . .

(5) <u>The lessee shall not in any manner transfer to, or otherwise hold for the benefit of, any other person or group of persons or organizations of any kind, except a native Hawaiian or Hawaiians, and then only upon the approval of the department, or agree so to transfer, or otherwise hold, the lessee's interest in the tract;</u> except that the lessee, with the approval of the department, also may transfer the lessee's interest in the tract to the following qualified relatives of the lessee who are at least one-quarter Hawaiian: husband, wife, child, or grandchild. A lessee who is at least one-quarter Hawaiian who has received an interest in the tract through succession or transfer may, with the approval of the department, transfer the lessee's leasehold interest to a brother or sister who is at least one-quarter Hawaiian. Such interest shall not, except in pursuance of such a transfer to or holding for or agreement with a native Hawaiian or Hawaiians or qualified relative who is at least one-quarter Hawaiian approved of by the department or for any indebtedness due the department or for taxes or for any other indebtedness the payment of which has been assured by the department, including loans from other agencies where such loans have been approved by the department, be subject to attachment, levy, or sale upon court process. The lessee shall not sublet the lessee's interest in the tract or improvements thereon; provided that a lessee may be permitted, with the approval of the department, to rent to a native Hawaiian or Hawaiians, lodging either within the lessee's existing home or in a separate residential dwelling unit constructed on the premises.
</blockquote>

Hawaiian Homes Commission Act, § 208 (emphasis added).

As to the vehicle, the Debtor has claim the vehicle exempt as a tool of trade

pursuant to 651-121(3) that provides an exemption as follows:

> Any combination of the following: tools, implements, instruments, uniforms, furnishings, books, equipment, one commercial fishing boat and nets, one motor vehicle, and other personal property ordinarily and reasonably necessary to and personally owned and used by the debtor in the exercise of the debtor's trade, business, calling, or profession by which the debtor earns the debtor's livelihood.

Hawaii Rev. Stat. § 651-121(3).

First, the Debtor's schedule "I" claims that the debtor is presently unemployed but claims as the Debtor's "Occupation" that of an "excavator." Even if the Court permits a tool of trade regarding a trade the debtor admits is not presently practiced, the term means "one that excavates; especially : a power-operated shovel." *See* online dictionary definition at http://www.merriam-webster.com/dictionary/excavator . Though a truck may be helpful in the occupation, it is not, "necessary" for such activity and therefore the Debtor should not be permitted to apply the expansive tools of the trade exemption to this property.

### III. CONCLUSION.

For the reasons stated, the Trustee asks that the Objection be sustained.

Dated: Honolulu, Hawaii January 9, 2010.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Trustee David C. Farmer